THE TRADERS' MUTUAL LIFE INSURANCE COMPANY

*v.*

LUCIUS F. HUMPHREY.

*Opinion filed February 17, 1904.*

1. APPEALS AND ERRORS—*when judgment of Appellate Court as to when insured became a member of the lodge is final.* The judgment of the Appellate Court affirming a finding by the jury that the insured was a member of defendant's lodge when her certificate of insurance was issued is final, where no question of law is raised by obtaining rulings on instructions or evidence, or otherwise.

2. SAME—*when motion to quash summons and service is properly denied.* A motion to quash summons and service and dismiss the suit upon the ground that plaintiff is a non-resident is properly denied, where it was not made at the earliest moment after such alleged non-residence was discovered but was delayed until after the jury had been selected and sworn.

*Traders' Mutual Life Ins. Co.* v. *Humphrey,* 109 Ill. App. 246, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding.

HAL H. SMITH, for appellant.

ISAAC A. LOVE, and W. R. JEWELL, Jr., for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee brought his action of assumpsit in the circuit court of Vermilion county, against appellant, on a policy of life insurance or certificate of membership issued by appellant on the life of Sarah C. Humphrey, his wife, in the sum of $1000, for his benefit.

Some time prior to September 12, 1893, the insured, who lived with the plaintiff, her husband, in South Bend, Indiana, was solicited by an agent of appellant to become a member of said company. At that time she was not a member of the order of Odd Fellows, but on August 22, 1893, made her application for membership to Schuyler Rebecca Lodge No. 39 of South Bend, Indiana. On September 12, 1893, she was elected to membership in said lodge, but was not initiated, did not sign the by-laws and was not formally introduced to the lodge as a member until October 10, 1893. Immediately upon receiving the notice of her election, on September 12, 1893, she made written application to appellant for a certificate of insurance, and in her application stated that she was a member of Schuyler Rebecca Lodge No. 39, located at South Bend, Indiana. The certificate of membership upon this application was issued to her on September 21, 1893. She thereafter paid all of the dues and assessments on said certificate of insurance to the time of her death, being more than eight years. On December 13, 1901, the president of the appellant company, in reply to a letter received from her, wrote as follows: "In reply to the same will say that it is not necessary that you belong to any lodge in order to hold your present policy with this company. All that is necessary for you to do is to make payments constantly and on time in the above named company and your policy will be all right." After the issuing of the certificate on September 21, 1893, and before this letter of December 13, 1901, was written, the charter of appellant company was so changed as not to restrict it to insurance on Odd Fellows merely, as it had

formerly provided, but permitted it to issue insurance to any person. On December 24, 1901, the insured died, having, as before stated, paid all of the premiums due on said certificate up to the date of her death, and in February, 1902, proof of her death was made to the appellant company, as required by its rules. On March 4, 1902, the company, by its president, notified appellee, by letter, that the company had recently obtained evidence which showed that at the time the insured made her application and received her certificate of membership she was not an Odd Fellow, and that the certificate was therefore void. Thereupon, on August 4, 1902, appellee brought this suit to recover the amount due upon the certificate, and upon a trial before a jury judgment was rendered for $1036.62, and the same has been affirmed by the Appellate Court for the Third District.

The first question raised is, that by its charter the appellant company was limited to provide life indemnity for acceptable members of the fraternity of Odd Fellows not over sixty years of age, and that the issuing of this certificate was an *ultra vires* act on the part of the appellant company; also, that the insured did not become a member of said lodge or fraternity of Odd Fellows until October 10, 1893, which was after the delivery of the certificate to her. The last question,—that is, whether the assured was a member of the order of Odd Fellows at the time she received her certificate of membership,— is upon this record purely a question of fact. Evidence was offered in the trial court for and against the contention of appellant, and the verdict of the jury found that she was a member at the date of the issuing of the certificate, and that finding having been affirmed by the Appellate Court, is final and conclusive upon this court. The question as to when she became a member is not raised here on the giving, refusing or modifying of instructions to the jury, nor is any question made as to the rulings of the trial court on the admission or exclusion

of testimony. If the insured was a member of the order of Odd Fellows at the time the certificate was issued to her,—that is, if she became a member, as contended by appellee, from the date of her election, under the by-laws and regulations of the company,—then the act of issuing to her a certificate was in no sense *ultra vires* and that question does not enter into the case. Treated as a mixed question of law and fact, the Appellate Court properly disposed of the point. This disposes of the only question upon the merits of the case raised and argued in this court.

After the jury had been selected and sworn and the plaintiff's opening statement had been made, counsel for appellant entered a motion to quash the summons and service and dismiss the suit on the ground that the plaintiff was a non-resident of the State of Illinois, residing in the State of Ohio, and leave was also asked to introduce evidence to show that plaintiff resided in Ohio up to January 7, 1903. This the court refused to allow, basing his decision upon the fact that the motion was made too late, and that ruling is also assigned for error. We think the ruling was proper, for the reason that it was not made at the earliest moment after the appellant discovered the alleged fact of the non-residence of the plaintiff, but delayed its motion until after the jury had been empaneled and sworn. The offered evidence was properly refused because it did not pretend to establish the distinct fact that at the time the suit was brought the plaintiff was a resident of Ohio. The offer was merely that he resided in Ohio up to January 7, 1903, but there was no offer to show when he became a resident of that State, nor that he was not an actual resident of this State at the time the action was brought.

We think the judgment of the Appellate Court is right, and it will accordingly be affirmed.

*Judgment affirmed.*